BEFORE THE FIRST DIVISION, JULY 14, 1960

No. 64402.—J. J. Sales Corp. and Surface Freight Corp. et al. v. United States, protests 318510–K, etc. (New York).

OLIVER, Chief Judge: .The protests enumerated in schedule "A," hereto attached and made a part hereof, relate to certain merchandise which was assessed with duty at the rate of 35 per centum ad valorem under paragraph 1513 of the Tariff Act of 1930, as modified, as toys, not specially provided for, and which is claimed to be properly dutiable at only 10 per centum ad valorem under paragraph 1558 of the Tariff Act of 1930, as modified, as nonenumerated manufactured articles.

Four items are in dispute. A sample of each is in evidence. They are molded plastic figures. Three of them are representations of animals, i.e., a duck (plaintiffs' exhibit 1), an elephant (plaintiffs' exhibit 2), and a cat holding a mouse in an upraised paw (plaintiffs' exhibit 3). The fourth item is the figure of a clown (plaintiffs' exhibit 4). All of the figures are posed in an upright position and firmly secured to a circular base which, in fact, is an air bellows. The overall height of each is approximately 5½ inches. On the head of the duck (exhibit 1), the elephant (exhibit 2), and the clown (exhibit 4) is a small black hat which is attached to the end of a thin metal wire that is fastened to the lower half of the bellows. The mouse in the paw of the cat (exhibit 2) has a similar connection with the bellows of that item. Pushing the figure down on the base, causes the bellows to emit a raucous noise or sound, and also raises the hats (parts of exhibits 1, 2, and 4, *supra*) and the mouse (part of exhibit 3, *supra*).

Four witnesses testified on behalf of plaintiffs. Defendant offered no evidence. Plaintiffs' uncontradicted testimony shows that the plastic articles in question are new items and that there is no similar merchandise made of paper, metal, glass, celluloid, or any other material. On the matter of use, the combined testimony of the witnesses establishes that these items are exclusively used as favors, table decorations, and noisemakers at adult parties. Explaining why the present merchandise is not susceptible of use for the amusement of children, the witnesses referred to the rather dangerous and flimsy construction of the articles. In this connection, the testimony is to the effect that the small black hats used on these figures are so insecurely glued that they very readily become detached thereby exposing the metal wire so that it would be extremely hazardous for a child to use the article.

The samples in evidence lend support to the oral testimony. Samples are potent witnesses. (*Marshall Field & Co.* v. *United States*, 20 C.C.P.A. (Customs) 225, T.D. 46037.) An examination thereof discloses that the figures, with the bellows base, are attractively painted and highly finished, giving the general

appearance of articles for display and decoration. They are so fragile and of such light construction that they could not withstand being played with to any extent by children. They give positive evidence, in line with the oral testimony, that they are useful for table decorations and party favors or noisemakers for adults.

Plaintiffs' uncontradicted evidence, as hereinabove discussed, is sufficient to establish, *prima facie* at least, that the articles in question are not toys, as classified by the collector. Since it is conceded that they are "in chief value of polystyrene and that no filler was used in the construction of the exhibits" (R. 3), we hold, on the basis of the present record, that the articles under consideration are properly classifiable as nonenumerated manufactured articles under paragraph 1558, as amended, and that they are dutiable thereunder at the rate of 10 per centum ad valorem, as claimed by plaintiffs.

The protests are sustained and judgment will be rendered accordingly.